IN THE UNITED STATED DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY GARRELS, )<br><br>Plaintiff, )<br>vs. )<br><br>UNION PACIFIC RAILROAD )<br>COMPANY, a Delaware corporation, )<br><br>Defendant/ )<br>Third-Party Plaintiff, )<br>vs. )<br><br>C&W FACILITY SERVICES, INC., )<br><br>Third-Party Defendant/ )<br>Additional Third-Party )<br>Plaintiff, )<br><br>vs. )<br><br>VERICLEAN SERVICES )<br>CORPORATION, )<br><br>Additional Third-Party )<br>Defendant. )<br>_____ ) | Case No. 23-CV-01078-TC-GEB |

**THIRD-PARTY DEFENDANT/ADDITIONAL THIRD-PARTY PLAINTIFF
C&W FACILITY SERVICES, INC.'S THIRD-PARTY COMPLAINT
<u>AGAINST VERICLEAN SERVICES CORPORATION</u>**

COMES NOW Third-Party Defendant/Additional Third-Party Plaintiff, C&W Facility

Services, Inc. ("CWFS"), for its Third-Party Complaint against VeriClean Services Corporation

("VeriClean"), states as follows:

1.      Plaintiff filed a Complaint under the Federal Employers Liability Act against

Union Pacific Railroad Company ("Union Pacific") claiming he sustained injuries when he

allegedly slipped and fell while walking on the restroom floor at Union Pacific's depot located in Marysville, Kansas ("Marysville depot").

2.     Plaintiff alleged the floor was wet from recent mopping activities and that there was no signage in place warning of the alleged wet floor in the restroom.

3.     Plaintiff also alleged that Union Pacific was negligent in failing to provide Plaintiff a reasonably safe place to work, failed to warn Plaintiff of hazardous conditions, failed to erect caution signs to warn, and other claims as set out in Plaintiff's Complaint.

4.     Union Pacific, in its Third-Party Complaint against CWFS alleged that CWFS performed floor cleaning services in the restroom and on the restroom floor prior to Plaintiff's alleged incident and CWFS was responsible for maintaining the restroom floor under its Contract with Union Pacific.

5.     Union Pacific further alleged that under the Contract, CWFS agreed to defend, indemnify, and hold Union Pacific harmless from and against any claims, demands, liability, losses, damages, and expenses (including attorney fees and costs)…arising from the negligent performance of the floor cleaning services.

6.     Union Pacific further claimed that CWFS was responsible to indemnify and hold harmless Union Pacific from and against any such claims and demands referenced above including any claims, suits or judgments brought against [Union Pacific] under the Federal Employer's Liability Act.

7.     At all times relevant, CWFS had an express written Contract with VeriClean whereby VeriClean was responsible for the floor cleaning services at the Defendant's Marysville depot.

8.      Under the terms of the Contract between CWFS and VeriClean, VeriClean agreed

to defend, indemnify, and hold CWFS harmless from and against any claims, demands, liability,

losses, damages, and expenses (including attorney fees and costs) …arising from the negligent

performance of the floor cleaning service.

9.      Under the contract, VeriClean was responsible to indemnify and hold harmless

CWFS and CWFS' Prime Customer, which in this case was Union Pacific, from and against any

claims, demands, suits, or judgment brought against CWFS and CWFS' "Prime Customer."

10.     The Prime Customer mentioned in the Contract was Union Pacific.

11.     VeriClean is a Texas corporation with its principal place of business located in

San Antonio, TX.  VeriClean can be served through its registered agent, Capitol Corporation

Service, Inc., 700 SW Jackson, Suite 100, Topeka, KS  66603.  At all times relevant, VeriClean

was authorized and did transact business in the state of Kansas.

12.     CWFS is a Massachusetts corporation with its principal place of business in

Massachusetts and was authorized and did transact business in the state of Kansas.

13.     Union Pacific is a Delaware corporation conducting business in Kansas.

14.     This Court has jurisdiction over this matter and CWFS' Third-Party Complaint

against VeriClean, pursuant to 28 U.S.C. Section 1331 and the Court's supplemental jurisdiction

under 28 U.S.C. Section 1367(a) because CWFS' claims against VeriClean form part of the same

case and controversy and arise from the same nucleus of facts, and the Court's supplemental

jurisdiction is permitted over third-party claims such as Union Pacific's Third-Party Complaint

against CWFS and CWFS' Third-Party Complaint against VeriClean.  Additionally, VeriClean

contractually agreed to jurisdiction and venue in this matter by virtue of the Contract between

CWFS and VeriClean.

## COUNT I: EXPRESS CONTRACTUAL INDEMNITY AND DEFENSE

15.     CWFS incorporates by reference Paragraphs 1 through 14 of its Third-Party Complaint as though fully set forth herein.

16.     VeriClean entered into a contract with CWFS which is an express and written contract executed by VeriClean.  At all times relevant, the contract was in effect including at the time of Plaintiff's alleged incident.

17.     The contract was supported by valuable consideration.

18.     CWFS fully performed its obligations under the Contract.

19.     Under the terms of the Contract, VeriClean is required to indemnify, defend, and hold harmless CWFS and CWFS' Prime Customer, Union Pacific, from and against Plaintiff's suit and from and against the claims made by Plaintiff in Plaintiff's Complaint.  VeriClean is also required to indemnify CWFS and CWFS' Prime Customer, Union Pacific, from and against any judgment Plaintiff may obtain in this suit, to the extent Plaintiff obtains a judgment against Union Pacific or CWFS in this matter.

20.     Under the Contract, VeriClean is also required to hold harmless CWFS and CWFS' Prime Customer, Union Pacific, from and against the attorneys' fees and defense costs expended by CWFS and CWFS' Prime Customer in defending against Plaintiff's suit and claims.

21.     VeriClean has refused/failed to defend, indemnify, and hold CWFS harmless from and against Plaintiff's claims in Plaintiff's Complaint and Union Pacific's Third-Party Complaint.

22.     VeriClean has breached the Contract.

23.     As result of VeriClean's breach and refusal to honor its indemnity and defense obligations under the Contract, CWFS has sustained damages in the form of attorneys' fees and

defense costs and CWFS will continue to sustain additional damages, including additional fees, costs, and damages from any judgment Plaintiff may obtain in this suit.

WHEREFORE, CWFS requests that the Court enter judgment against VeriClean and in favor of CWFS on Count I of CWFS' Third-Party Complaint.  CWFS also requests that the Court enter judgment against VeriClean in favor of CWFS for CWFS's attorneys' fees, defense costs, and for any judgment Plaintiff may obtain in this matter.  CWFS also requests any pre or post judgment interest it may be entitled to by law.

## COUNT II:  IMPLIED CONTRACTUAL INDEMNITY

24.     CWFS incorporates by reference Paragraphs 1 through 23 of its Third-Party Complaint as though fully set forth herein.

25.     In the alternative, CWFS brings this cause of action in Count II against VeriClean for Implied Contractual Indemnity.

26.     Under the circumstances referenced above, CWFS is without fault and should not be compelled or made to pay for the alleged tortious acts of VeriClean, if any.

27.     Any obligation concerning the condition of the restroom floor should be discharged in full by VeriClean, and not by CWFS, as VeriClean owes an implied indemnity obligation to CWFS requiring VeriClean to indemnify CWFS in full for any claims made by Plaintiff, as VeriClean had an obligation and duty to provide its maintenance services on the subject restroom floor in a reasonable and safe manner.

28.     To the extent Plaintiff obtains a judgment in this matter, if any, VeriClean must indemnify and hold CWFS harmless from and against any such judgment pursuant to principles of implied indemnity/implied contractual indemnity because CWFS should not be compelled or be made to pay for the alleged tortious actus of VeriClean.  The fault, if any, arising from the

condition of the restroom floor should be attributed to and discharged by VeriClean and not CWFS.

WHEREFORE, CWFS requests that the Court enter judgment against VeriClean, and in favor of CWFS on Count II of CWFS' Third-Party Complaint. CWFS also requests that the Court enter judgment against VeriClean and in favor of CWFS for CWFS' attorneys' fees, defense costs, and for any judgment Plaintiff may obtain in this matter, if any. CWFS also requests any pre or post judgment interest it may be entitled to by law.

TRIPLETT WOOLF GARRETSON, LLC

By */s/ John P. Woolf*
  John P. Woolf, #06734
  2959 N. Rock Road, Suite 300
  Wichita, Kansas 67226
  Telephone:  (316) 630-8100
  Facsimile:  (316) 630-8101
  Email:  jpwoolf@twgfirm.com
  *Attorneys for Third-Party Defendant*
  *C&W Facility Services, Inc.*

**CERTIFICATE OF SERVICE**

I certify, pursuant to D. Kan. Rule 5.4.9, that service of this document was accomplished

through the Notice of Electronic Filing for parties and attorneys who are filing users in this case.


*/s/ John P. Woolf*
John P. Woolf, #06734