IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| JEFFREY GARRELS, | ) | Case No. 6:23-cv-1078 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, a Delaware corporation, | ) | |
| | ) | |
| Defendant/Third Party Plaintiff | ) | |
| | ) | |
| | ) | |
| C&W FACILITY SERVICES, INC. | ) | |
| Third Party Defendant | ) | |
| | ) | |
| VERICLEAN SERVICES CORPORATION | ) | |
| Third Party Defendant/Cross Claim Defendant | ) | |

**DEFENDANT UNION PACIFIC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Union Pacific, for its response in opposition to Plaintiff's motion for leave (Doc. No. 80-**Exhibit D**) referenced above, states as follows:

**BACKGROUND**

Plaintiff filed his original FELA suit claiming that Jeffery Garrels suffered injuries to his hip and low back on July 5, 2021 from an alleged fall in the Marysville depot bathroom. **Exhibit A.** Despite Plaintiffs' counsel's belated attempt to create a wrongful death claim, Mr. Garrels' treating doctor at the time of his death said Garrels actually died from causes wholly unrelated to his hip and back on June 11, 2024. **Exhibit B.** Plaintiffs' counsel moved to add Ms. Garrels as the administrator of the estate of Mr. Garrels on July 11, 2024, a month after Garrels died.

**Exhibit C.** Plaintiffs' counsel did not file any claim for the wrongful death of Mr. Garrels in July 2024. Id. Plaintiffs did not move to amend their complaint nor seek to make any claim that the alleged orthopedic injuries caused Mr. Garrels death until October 17, 2024. **Exhibit D.** The Plaintiffs' newly proposed wrongful death claims against Union Pacific are governed by the FELA statute of limitations and federal substantive law, not Kansas law. Under the FELA, the statute of limitations for Plaintiffs' alleged wrongful death claim against Union Pacific expired three years from when Mr. Garrels' FELA claim originally accrued, which would be the date of his purported injury on July 5, 2021. **Exhibit A**. **Mr. Garrels' FELA wrongful death claim against Union Pacific expired under the FELA statute of limitations on July 5, 2024**. Plaintiffs' wrongful death claims against Union Pacific (**Exhibit 1:** Plaintiff's proposed amended complaint, Count I) are time barred. Plaintiffs' motion for leave must be denied. Plaintiffs' proposed amended claims are also futile, unduly delayed, and highly prejudicial. Plaintiffs' motion for leave must be denied for those reason as well.

## ARGUMENT

### A. Plaintiffs' Amended FELA Wrongful Death Claim Against Union Pacific (Exhibit 1, Count I) is Time Barred

Courts may deny leave to amend if the proposed amendment is futile or untimely. *Travelers Indem. Co. v. Damman & Co., Inc*., 594 F.3d 238, 243 (3d. Cir. 2010). A proposed amendment is futile if the new allegations fail to state a claim or are subject to dismissal. Id. Here, Plaintiffs' proposed amended wrongful death claim against Union Pacific (**Exhibit 1**, Count I) is futile, untimely and subject to dismissal because it is time barred.

The FELA statute of limitations is three years. See 45 U.S.C. Section 56 ("No cause of action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued."). A cause of action under the FELA accrues when the employee knows or in the exercise of reasonable care should have known that his initial injury is related to his work. See *Tolston v. Nat'l R.R. Passenger Corp*. ,102 F.3d 863, 865 (7th Cir. 1996); *White v Union Pacific R.R. Co*., 867 F.3d 997 (8th Cir. 2017). A FELA wrongful death cause of action accrues, not when the death occurs, but when the initial work injury occurs. *See Flynn v. New York N.H & H.R. Co.,* 283 U.S. 53, 56 (1931)(holding that the FELA wrongful death claim did not accrue at the time of death, but rather at the time of the initial alleged work injury). See also **Exhibit J**: *Mayes v. Union Pacific R. R. Co*., 2019 WL 1762950 *2-*3 (United States District Court S.D. Texas, 2019.)

The United States Supreme Court addressed this issue in the case of *Flynn v. New York N.H & H.R. Co.,* 283 U.S. 53, 56 (1931). In *Flynn*, the FELA plaintiff suffered an alleged workplace injury on December 4, 1923, but later the surviving heirs' claimed the injury caused the employee's death on September 1, 1928. Id. at 55-56. The Court noted the surviving heirs' argument "comes too late." Id. The Court determined that the surviving heirs' FELA wrongful death claim accrued at the time of the employees' initial injury in 1923, and therefore, was time barred by the statute of limitations. Id.

Similarly, in *Mayes* (**Exhibit J**), the railroad employee alleged he sustained the initial workplace injury in 2009 and he attributed the initial injury to his workplace in 2009 as well. Id. *1. The employee died more than three years later on November 10, 2013. Id. The surviving heirs brought suit for FELA wrongful death on November 7,

2016 claiming the initial injury caused the death. Id. *1 The *Mays* court found that, although the surviving heirs filed the wrongful death claim within three years of when the employee died, "it was clear" that in 2009 the employee "was not only aware he had [the injury condition] but also attributed [it] to his employment at Union Pacific." Id. at *2. The court held the wrongful death action was time barred because the cause of action accrued at the time of the initial injury in 2009, not when the death occurred. Id. *3. "[A]ny possible cause of action had already been extinguished, and his death did not resurrect it." Id. "Consequently, [the] lawsuit is barred by the applicable statute of limitations". Id.

The same situation applies here. Plaintiffs' counsel and the surviving heirs have attempted to bring a FELA wrongful death claim against Union Pacific more than three years after the alleged initial injury occurred on July 5, 2021. **Exhibit A**. Notably, Plaintiffs knew Mr. Garrels died on June 11, 2024 (**Exhibit B**), but still waited until more than three years after the initial injury to attempt to file the wrongful death claim on October 17, 2024. **Exhibit D.** The claim is made too late and outside the statute of limitations.

Plaintiffs cannot claim that the wrongful death claim "relates back" to the initial lawsuit. The United States Supreme Court has held that an amendment to assert a FELA wrongful death claim is a "new and distinct cause of action" from the original FELA injury claim and is hence barred if made after the statute of limitations has passed. See *Baltimore & O.S.W.R. Co. v. Carroll*, 280 U.S. 491, 494-495 (1930). This is true, among other reasons, because a FELA wrongful death claim is for the benefit of surviving heirs and changes the parties to the case, the type of damages and recovery at issue, and

4

entirely transforms the nature of the claims made. The same type of relation back argument was made by the plaintiffs in *Baltimore* and was rejected because the United States Supreme Court found that a FELA wrongful death claim is a "new and distinct cause of action". Id. Plaintiff's proposed wrongful death claim against Union Pacific is time barred, it does not relate back, and therefore Plaintiff's motion for leave to file same must be denied.

As an additional basis for denying the motion for leave, Plaintiff has alleged in the motion (**Exhibit D**, paragraph 7) that Mr. Garrels' "low back pain" following the incident caused or contributed to cause his stressed heart conditions leading to Mr. Garrels' death. Id. Plaintiffs' claim flies in the face of Mr. Garrels' own statements to his emergency room doctors where he told them he did not hurt his back in the incident. **Exhibit E**. Mr. Garrels also previously attributed his low back complaints to his work in June 2019 when he told his treating doctor that it his low back complaints were being caused by "riding" on "trains" at work. **Exhibit G**. Plaintiff attributed his low back complaints to his work on or before June 6, 2019. **Exhibit G**. In fact, Mr. Garrels' wife, Plaintiff Wendy Garrels, testified that Mr. Garrels was attributing his low back pain to his work as early as 2016. **Exhibit H.** Under the FELA 3-year statute of limitations, Plaintiffs' claims related to Garrels' low back were time barred at least as of June 6, 2022, and there is evidence they were barred long before that. Plaintiff Jeffery Garrels did not file his original complaint until May 8, 2023 (**Exhibit A**), clearly outside the FELA 3-year statute of limitations regarding Mr. Garrels' low back complaints. Plaintiffs' proposed amended wrongful death claims related to Mr. Garrels' low back are therefore clearly time barred for that reason as well.

Wherefore Defendant Union Pacific requests that Plaintiffs' motion for leave (**Exhibit D**), be denied as to the new claims alleged against Union Pacific (**Exhibit 1**, Count I). Union Pacific also requests any further relief the Court deems just and proper under the circumstances.

KNIGHT NICASTRO MACKAY, LLC,

BY:  /*s/Trent R. Church*
Trent R. Church #23921
KNIGHT NICASTRO MACKAY, LLC
304 W. 10th Street
Kansas City, Missouri 64105
Telephone: (303) 815-5869
Facsimile: (816) 396-6233
Email: church@knightnicastro.com
ATTORNEY FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28, 2024, a true and correct copy of the foregoing was filed with the Court's electronic filing system providing notice and service to all counsel of record including the following:

Jerome Schlichter
Jonathan S. Jones, *Pro Hac Vice*
SCHLICHTER BOGARD LLP
100 South 4th Street, Suite 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-7151
jschlichter@uselaw.com
jjones@uselaws.com

ATTORNEYS FOR PLAINTIFF

John W. Johnson
MORRIS, LAING, EVANS, BROCK & KENNEDY, CHTD.
300 N. Mead, Suite 200
Wichita, KS 67202-2745
Tel: (316) 262-2671
Fax: (316) 262-6226
jjohnson@morrislang.com

Bradley Russell
Michael K. Hobbs
Sanders Warren & Russell, LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
913-234-6110
b.russell@swrllp.com
m.hobbs@swrllp.com
**Attorneys for Defendant Vericlean Services Corporation**

John P. Woolf
Triplett Woolf Garretson, LLC
2959 N. Rock Road, Suite 300
Wichita, Kansas 67226
jpwoolf@twgfirm.com
**Attorneys for Defendant C&W Facility Services, Inc.**

                                            *s/_____Trent R. Church_____*
                                                  Trent R. Church