# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# WICHITA DIVISION

| | |
|---|---|
| WENDY GARRELS, Individually and as Administrator of the Estate of Jeffrey Garrels, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>C&W FACILITY SERVICES, INC.,<br>**Serve at:**<br>**CT Corporation System**<br>**112 SW 7th Street, Suite 3C**<br>**Topeka, KS 66603**<br><br>    Defendant/Third-Party Defendant/<br>    Additional Third-Party Plaintiff,<br><br>v.<br><br>VERICLEAN SERVICES CORPORATION,<br>**Serve at:**<br>**Capital Corporation Service, Inc.**<br>**700 SW Jackson, Suite 100**<br>**Topeka, KS 66603**<br><br>    Defendant/Additional Third-Party<br>    Defendant. | Cause No. 6:23-cv-1078<br><br>Federal Employers' Liability Act (FELA), Kan. Stat. Ann. §§60-1901, and Kan. Stat. Ann. §60-1801<br><br>**TRIAL BY JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Wendy Garrels, Individually and as Special Administrator of the Estate of Jeffrey

Garrels, by and through counsel, Schlichter Bogard, LLP and Morris, Laing, Evans, Brock &

1



EXHIBIT 1

Kennedy, Chtd., states as follows for her First Amended Complaint against Defendants Union Pacific Railroad Company, C&W Facility Services, Inc., and Vericlean Services Corporation:

**Facts Common to All Counts**

1. This action arises from injuries sustained by Jeffrey Garrels while he was working as a locomotive engineer for Defendant Union Pacific Railroad Company (UP) on or about July 5, 2021, at UP's depot in Marysville, Kansas, when he slipped and fell on a wet restroom floor, which had been recently mopped without placement of a wet floor sign or other warning to alert employees regarding the hazardous condition of the restroom.

2. At all relevant times, UP had a contract with C&W Facility Services, Inc. (C&W) whereby C&W agreed to provide janitorial services at UP's Marysville depot, including cleaning/mopping the restroom floors.

3. At all relevant times, C&W had a subcontract with Vericlean Services Corporation (Vericlean), with UP's consent, whereby Vericlean agreed to perform janitorial services at the Marysville depot, including cleaning/mopping the restroom floors, with a written requirement that it use caution signs to properly identify wet floor conditions.

4. Upon information and belief, on the date of the subject incident, C&W's and/or Vericlean's janitorial employees/contractors/agents mopped the restroom floors at UP's Marysville depot but failed to use wet floor/caution signs, as required, or provide any other warning to alert Mr. Garrels of the hazardous condition of the restroom floor.

5. During the subject incident, Mr. Garrels suffered traumatic injuries to his lumbar spine and right hip, which caused low back and right hip pain and necessitated medical treatment, including a right total hip arthroplasty performed on January 6, 2022.

6. Following the total hip arthroplasty, Mr. Garrels suffered a long-term exacerbation

of preexisting lung and heart conditions as a result of pulmonary thrombosis emboli (i.e., blood clots that break loose and travel to the lungs, blocking arteries), which upon information and belief was a complication of the hip surgery that he underwent.

7. Upon information and belief, Mr. Garrels's low back pain following the subject incident also increased the stress on his heart and limited his ability to perform cardiovascular exercise, further contributing to the exacerbation of his preexisting lung and heart conditions.

8. On June 11, 2024, Mr. Garrels died due to cardiac arrest.

9. Upon information and belief, the post-surgical complications and/or low back pain caused by the subject injury incident on July 5, 2021, described above, likely caused or contributed to cause Mr. Garrels's death.

10. Wendy Garrels, Jeff's wife, has been appointed Special Administrator of his estate and was substituted as the proper party plaintiff by order dated July 12, 2024.

11. In addition to his wife, Wendy, Mr. Garrels was survived by his two children, Sarah Baete and Ethan Garrels.

12. At all times relevant, UP has been a railroad corporation duly organized and existing under the laws of Delaware and is engaged in interstate commerce hauling freight by rail in various states, including in Marysville, Kansas, and within this District and Division.

13. At all times relevant, C&W has been a Massachusetts corporation with its principal place of business in Massachusetts and can be served via registered agent, CT Corporation System, located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

14. At all times relevant, Vericlean has been a Texas corporation with its principal place of business in San Antonio, Texas, and can be served via registered agent, Capital Corporation Service, Inc., located at 700 SW Jackson, Suite 100, Topeka, Kansas 66603.

15. At all times relevant, until the date of his death, Jeff Garrels was employed by UP as a locomotive engineer and was working in Marysville, Kansas at the time of his injury.

16. At all times relevant, the duties of Mr. Garrels furthered the interstate commerce conducted by UP or in some way directly or substantially affected said commerce.

17. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1367.

18. Venue of this action properly lies in the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §1391(b), because UP resides within and engages in the interstate operation of a railroad within the State of Kansas and this Division, and a substantial part of the events or omissions giving rise to the claim occurred within the State of Kansas and this Division.

## COUNT I
### Federal Employers' Liability Act (45 U.S.C. §§51-60)
### (Against Defendant Union Pacific Railroad Company)

19. Plaintiffs adopt and incorporate the allegations set forth in Paragraphs 1-18 as if set forth fully herein.

20. This cause of action arises under the provisions of 45 U.S.C. §§51-60, commonly known as the Federal Employers' Liability Act (FELA).

21. This cause of action for personal injury was not extinguished by Mr. Garrels's death, pursuant to 45 U.S.C. §59, which states in pertinent part, "Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee…"

22. At all times relevant, UP owed Mr. Garrels a non-delegable duty to provide a reasonably safe place to work and reasonably safe working conditions, including at UP's Marysville depot.

23. UP, acting through its agents, servants, and/or employees, singularly or in

4

combination, breached the non-delegable duties that it owed to Mr. Garrels pursuant to the FELA, and was thereby negligent in that it:

- a. failed to provide a reasonably safe place to work;
- b. failed to provide reasonably safe conditions for work;
- c. failed to warn Mr. Garrels of a hazardous condition;
- d. failed to provide adequate assistance, in that it failed to adequately employ, train, and/or supervise maintenance personnel;
- e. violated 29 C.F.R. §1910.145(c) by failing to erect adequate caution signs to warn against the hazard created by Defendant's wet floors, constituting negligence per se; and
- f. violated the American National Standards Institute (ANSI) Z535.2-2011, setting forth standards for caution signs, including the placement of hazard alerting signs.

24. As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions and/or regulatory violations, Mr. Garrels sustained injuries to his right hip and low back; he underwent medical care, including multiple injections and a hip replacement surgery; he suffered complications as a result of that medical care, including an exacerbation of lung and heart conditions from post-surgical complications, ultimately causing or contributing to cause his death on June 11, 2024; he experienced conscious physical pain and emotional distress prior to his death; he incurred medical expenses and lost wages, benefits, and earning capacity; and he sustained impairment to his ability to perform work, household activities, and other activities of daily living, function, and pleasure.

25. As a result, in whole or in part, of one or more of the foregoing negligent acts or

omissions and/or regulatory violations, Mr. Garrels's next of kin, Wendy Garrels, Sarah Baete, and Ethan Garrels, sustained damages, including loss of future earnings/economic support; loss of future services including household duties; and medical/funeral/burial expenses.

WHEREFORE, Plaintiffs Wendy Garrels, Individually and as Administrator of the Estate of Jeffrey Garrels prays for judgment against Defendant Union Pacific Railroad Company in a sum which is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000), plus costs of suit.

## COUNT II
### Wrongful Death (Kan. Stat. Ann. §§60-1901-1905)
### (Against Defendants C&W Facility Services, Inc. and Vericlean Services Corporation)

26. Plaintiffs adopt and incorporate the allegations set forth in Paragraphs 1-18 as if set forth fully herein.

27. This cause of action arises under the provisions of Kan. Stat. Ann. §§60-1901-1905.

28. This cause of action may be commenced by any one of the heirs at law of the decedent who has sustained loss by reason of his death, for the benefit of all the heirs who have sustained such loss, pursuant to Kan. State. Ann. §60-1902.

29. C&W and/or Vericlean, acting through their employees, contractors, agents, and/or servants, singularly or in combination, breached their legal duty arising under contract and by their undertaking of janitorial services at the Marysville depot, in that they:

      a.    failed to use reasonable care in performing janitorial services;

      b.    failed to maintain the depot restroom in reasonably safe condition;

      c.    failed to warn Mr. Garrels of a hazardous condition that they created;

      d.    failed to adequately employ, train, and/or supervise maintenance personnel;

      e.    violated 29 C.F.R. §1910.145(c) by failing to erect adequate caution signs

                to warn against the hazard created by Defendant's wet floors, constituting negligence per se; and

    f.    violated the American National Standards Institute (ANSI) Z535.2-2011, setting forth standards for caution signs, including the placement of hazard alerting signs.

30. As a proximate cause of one or more of the foregoing negligent acts or omissions and/or regulatory violations, Mr. Garrels's heirs, Wendy Garrels, Sarah Baete, and Ethan Garrels, sustained damages, including loss of future earnings/economic support; loss of future services including household duties; mental anguish, suffering, grief or bereavement; loss of society, companionship, comfort or protection; loss of marital care, attention, advice or counsel; loss of parental care, training, guidance or education; and medical/funeral/burial expenses.

WHEREFORE, Plaintiffs Wendy Garrels, Individually and as Administrator of the Estate of Jeffrey Garrels prays for judgment against Defendants C&W Facility Services, Inc. and Vericlean Services Corporation in a sum which is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000), plus costs of suit.

## COUNT III
**Survival Action (Kan. Stat. Ann. §60-1801)**
**(Against Defendants C&W Facility Services, Inc. and Vericlean Services Corporation)**

31. Plaintiffs adopt and incorporate the allegations set forth in Paragraphs 1-18 as if set forth fully herein.

32. This cause of action arises under the provisions of Kan. Stat. Ann. §§60-1801.

33. Any cause of action for personal injury or wrongful death survives and may be brought notwithstanding the death of the person entitled to recovery. Kan. Stat. Ann. §60-1801.

34. C&W and/or Vericlean, acting through their employees, contractors, agents, and/or

servants, singularly or in combination, breached their legal duty arising under contract and by their undertaking of janitorial services at the Marysville depot, in that they:

    a.    failed to use reasonable care in performing janitorial services;

    b.    failed to maintain the depot restroom in reasonably safe condition;

    c.    failed to warn Mr. Garrels of a hazardous condition that they created;

    d.    failed to adequately employ, train, and/or supervise maintenance personnel;

    e.    violated 29 C.F.R. §1910.145(c) by failing to erect adequate caution signs to warn against the hazard created by Defendant's wet floors, constituting negligence per se; and

    f.    violated the American National Standards Institute (ANSI) Z535.2-2011, setting forth standards for caution signs, including the placement of hazard alerting signs.

35. As a proximate cause of one or more of the foregoing negligent acts or omissions and/or regulatory violations, Mr. Garrels sustained injuries to his right hip and low back; he underwent medical care, including multiple injections and a hip replacement surgery; he suffered complications as a result of that medical care, including an exacerbation of lung and heart conditions from post-surgical complications, ultimately causing or contributing to cause his death on June 11, 2024; he experienced conscious physical pain and emotional distress prior to his death; he incurred medical expenses and lost wages, benefits, and earning capacity; and he sustained impairment to his ability to perform work, household activities, and other activities of daily living, function, and pleasure.

WHEREFORE, Plaintiffs Wendy Garrels, Individually and as Administrator of the Estate of Jeffrey Garrels prays for judgment against Defendants C&W Facility Services, Inc. and

Vericlean Services Corporation in a sum which is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000), plus costs of suit.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS.**

**PURSUANT TO COURT RULES, PLAINTIFF REQUESTS THAT THE CASE BE TRIED IN THE WICHITA DIVISION.**

Respectfully submitted,

/s/ John W. Johnson
John W. Johnson # 07684
MORRIS, LAING, EVANS,
BROCK & KENNEDY, CHTD.
300 N. Mead, Suite 200
Wichita, KS 67202-2745
Tel: (316) 262-2671
Fax: (316) 262-6226
jjohnson@morrislaing.com

-and-

Jonathan S. Jones, *pro hac vice*
SCHLICHTER BOGARD LLP
100 South Fourth Street
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-7151
jjones@uselaws.com

*Attorneys for Wendy Garrels,
as Special Administrator of the Estate of
Jeffrey Garrels*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this ___ day of _____, 2024, a copy of the foregoing was filed with the Court's electronic filing system which will serve same upon the following counsel of record:

Trent R. Church
KNIGHT NICASTRO MACKAY, LLC
304 W. 10th St.
Kansas City, MO 64105
church@knightnicastro.com

Chad M. Knight
KNIGHT NICASTRO MACKAY, LLC
1401 Walnut St., Ste. 200
Boulder, CO 80302
knight@knightnicastro.com

*Attorneys for Defendant/Third-Party Plaintiff Union Pacific Railroad Company*

John P. Woolf
TRIPLETT WOOLF GARRETSON, LLC
2959 N. Rock Road, Suite 300
Wichita, KS 67226
jpwoolf@twgfirm.com

*Attorneys for Third-Party Defendant/Additional Third-Party Plaintiff C&W Facility Services, Inc.*

Michael K. Hobbs
SANDERS, WARREN & RUSSELL, LLP
11225 College Boulevard, Suite 450
Overland Pak, Kansas 66210
m.hobbs@swrllp.com
*Attorneys for Third-Party Defendant Vericlean Services Corporation*

                /s/ John W. Johnson