# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| WENDY GARRELS, as Special Administrator of the Estate of Jeffrey Garrels, deceased, <br><br> Plaintiff, <br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant/Third-Party Plaintiff, <br> vs. <br><br> C&W FACILITY SERVICES, INC., <br><br> Third-Party Defendant/Additional Third-Party Plaintiff, <br><br> vs. <br><br> VERICLEAN SERVICES CORPORATION, <br><br> Additional Third-Party Defendant. | Case No. 23-CV-01078-TC-GEB |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Wendy Garrels, Individually and as Special Administrator of the Estate of Jeffrey Garrels, states as follows for her motion for leave to file her First Amended Complaint against Defendants Union Pacific Railroad Company (UP), C&W Facility Services, Inc. (C&W), and Vericlean Services Corporation (Vericlean):

1. On May 8, 2023, Jeffrey Garrels filed a complaint under the Federal Employers' Liability Act (FELA) against UP for injuries sustained on or about July 5, 2021, at UP's depot in Marysville, Kansas, when he slipped and fell on a wet restroom floor, which had been recently

1

mopped without use of wet floor/caution signs or any other warning to alert employees regarding the hazardous condition of the restroom.

2. Discovery has revealed that UP contracted with C&W and/or Vericlean to perform the janitorial services at its Marysville depot, including cleaning/mopping the restroom floors, although UP still had a non-delegable duty to provide reasonably safe working conditions at the facility, pursuant to the FELA. Upon information and belief, on the date of the subject incident, C&W's and/or Vericlean's janitorial employees/contractors/agents mopped the restroom floor at the depot but then failed to use wet floor/caution signs or provide any other warning to alert Mr. Garrels of the hazardous, wet condition of the floor, causing right hip and low back injuries.

3. On June 11, 2024, Mr. Garrels died due to cardiac arrest.

4. On July 12, 2024, Wendy Garrels, Jeff's wife, was appointed Special Administrator of his estate and was substituted as the proper party plaintiff.

5. Since that time, Plaintiff's investigation and the recent testimony of Mr. Garrels's primary care physician, Dr. Benjamin Thayer, on September 27, 2024, has revealed that the subject injury incident likely caused or contributed to cause an aggravation of preexisting heart/lung conditions which, ultimately, resulted in Mr. Garrels's death on June 11, 2024.

6. Specifically, during the subject incident, Mr. Garrels suffered traumatic injuries to his lumbar spine and right hip, which caused low back and right hip pain and necessitated medical treatment, including a right total hip arthroplasty performed on January 6, 2022.

7. Following that hip arthroplasty, Mr. Garrels suffered pulmonary thrombosis emboli (i.e., blood clots that break loose and travel to the lungs, blocking the pulmonary arteries), which Dr. Thayer testified was likely a complication of the hip surgery and caused a long-term

aggravation of Mr. Garrels' preexisting lung and heart conditions which had been stable prior to the subject incident. Dr. Thayer also testified that Mr. Garrels's low back pain following the subject incident likely increased the stress on his heart and limited his ability to perform cardiovascular exercise, further contributing to the aggravation of his preexisting lung and heart conditions. It was, therefore, Dr. Thayer's opinion that Mr. Garrels' work injuries ultimately caused or contributed to cause his death on June 11, 2024.

8. Given the above, Plaintiff seeks leave to file a First Amended Complaint against UP, C&W, and Vericlean to add wrongful death allegations to the existing FELA claim and assert new wrongful death/survival actions under Kan. Stat. Ann. §§60-1801 and §§60-1901 - 1905. See Plaintiff's First Amended Complaint, attached as Exhibit 1; *Puckett v. Mt. Carmel Regional Med. Ctr.*, 290 Kan. 406, 424 (2010) (defendant liable for additional harm resulting from the efforts of treating physicians to render aid for injuries sustained as a result of defendant's negligence).

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and would have supplemental jurisdiction over the Kansas statutory claims pursuant to 28 U.S.C. §1367. The addition of these claims will eliminate the need to bring additional actions and promote judicial economy, since C&W and Vericlean are already parties to this litigation, and the claims derive from a common nucleus of operative facts.

10. Fed. R. Civ. P. 15 requires that leave to amend be "freely given when justice so requires," providing for a liberal policy in favor of granting amendments so that cases can be tried on their merits. Thus, the trial court has broad discretion in allowing leave to file amended pleadings. See, e.g., *Olivares v. AMTRAK,* No. 17-cv-2397-CM-TJJ, 2018 U.S. Dist. LEXIS 144235, at *5-6 (D. Kan. Aug. 24, 2018) (granting leave based on recent discovery, despite

3

plaintiff's minimal explanation, further noting no undue prejudice to railroad given the amendment's substantive relation to original allegations); *Schneider v. U.S. Bank, N.A.*, No. 20-2162-EFM-GEB, 2021 U.S. Dist. LEXIS 143605, at *7 (D. Kan. Aug. 2, 2021) (granting leave based on 30(b)(6) witness's explanation of a previously produced document, supporting addition of new claim); *Brahma Group, Inc. v. Cargill Meat Solutions Corp.,* No. 17-1076-JWB-ADM, 2019 U.S. Dist. LEXIS 108255, at *4 (D. Kan. June 28, 2019) (finding good cause for leave to amend one year after deadline based on new expert analysis); *McCormick v. United States*, 4:10CV1068 CAS, 2011 U.S. Dist. LEXIS 75028, at *2 (E.D. Mo. July 7, 2011) (plaintiff was diligent in moving to amend complaint four months after deadline where proposed amendments were based on discovery adduced after the deadline).

11. Here, there will be no prejudice to any party if Plaintiff's motion for leave is granted. Although Plaintiff was still investigating, obtaining cardiology records, and had not yet deposed Mr. Garrels's treating physicians, Plaintiff provided ample advance notice to all parties concerning the potential addition of wrongful death claims after Mr. Garrels' death. To date, only one of Mr. Garrels's treating physicians has been deposed, so the parties will not need to duplicate discovery efforts. Additionally, since notifying the other parties of her intent to file an amended complaint, Plaintiff has agreed to extensions of the other parties' expert disclosure deadlines to accommodate these recent developments and ensure that the other parties have ample time to engage any additional experts, although Plaintiff is willing to confer regarding further adjustment of case deadlines, if necessary. Finally, the trial of this matter is not scheduled until September 2025, such that the amendment need not delay trial.

12. On the other hand, Plaintiff will be unduly prejudiced if she is not granted leave to file her amended complaint based on the recent death of her husband and to conform to the evidence outlined above.

13. There was no unreasonable delay in bringing these additional claims, as Mr. Garrels only recently passed away; the time has not elapsed to bring the new wrongful death/survival claims; and Dr. Thayer's testimony supporting the causal link between Mr. Garrels's workplace injuries and death was obtained on September 27, just over two weeks ago.

WHEREFORE Plaintiff Wendy Garrels, Individually and as Special Administrator of the Estate of Jeffrey Garrels, requests that the Court grant her Motion and enter an order granting leave to file the First Amended Complaint (Ex. 1) against Defendants Union Pacific Railroad Company, C&W Facility Services, Inc., and Vericlean Services Corporation and for any further relief the Court deems just and proper under the circumstances.

5

Respectfully submitted,

/s/ John W. Johnson
John W. Johnson # 07684
MORRIS, LAING, EVANS,
BROCK & KENNEDY, CHTD.
300 N. Mead, Suite 200
Wichita, KS 67202-2745
Tel: (316) 262-2671
Fax: (316) 262-6226
jjohnson@morrislaing.com

-and-

Jonathan S. Jones, *pro hac vice*
SCHLICHTER BOGARD LLP
100 South Fourth Street
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-7151
jjones@uselaws.com

*Attorneys for Wendy Garrels,*
*as Special Administrator of the Estate of*
*Jeffrey Garrels*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2024, a copy of the foregoing was filed with the Court's electronic filing system which will serve same upon the following counsel of record:

Trent R. Church
KNIGHT NICASTRO MACKAY, LLC
304 W. 10th St.
Kansas City, MO 64105
church@knightnicastro.com

Chad M. Knight
KNIGHT NICASTRO MACKAY, LLC
1401 Walnut St., Ste. 200
Boulder, CO 80302
knight@knightnicastro.com

*Attorneys for Defendant/Third-Party Plaintiff Union Pacific Railroad Company*

John P. Woolf
TRIPLETT WOOLF GARRETSON, LLC
2959 N. Rock Road, Suite 300
Wichita, KS 67226
jpwoolf@twgfirm.com

*Attorneys for Third-Party Defendant/Additional Third-Party Plaintiff C&W Facility Services, Inc.*

Michael K. Hobbs
SANDERS, WARREN & RUSSELL, LLP
11225 College Boulevard, Suite 450
Overland Pak, Kansas 66210
m.hobbs@swrllp.com
*Attorneys for Third-Party Defendant Vericlean Services Corporation*

/s/ John W. Johnson