# EXHIBIT J

Mayes v. Union Pacific Railroad Company, Not Reported in Fed. Supp. (2019)

2019 WL 1762950
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

Rosie MAYES, Individually and as the Personal Representative
of the Estate of Jesse Mayes, Sr., Deceased, Plaintiff,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant.

Civil Action No. 4:17-CV-03479
|
Signed 04/22/2019

**Attorneys and Law Firms**

David Matthews, Conrad Edward Adams, Matthews & Associates, Houston, TX, James P. Lambert, Curtis & Lambert, Lafayette, LA, Shawn M. Sassaman, Ber Cappelli LLP, Conshobocken, PA, for Plaintiff.

Katherine Weatherly Emma Trotter, Amy L. Maccherone, Forman Watkins Krutz LLP, New Orleans, LA, Anne Marie O'Brien, Daniel J. Hassing, Pro Hac Vice, Lamson Dugan & Murray LLP, Omaha, NE, Elizabeth Riddell Penn, Jennifer Marie Studebaker, Pro Hac Vice, Mary Reeves Arthur, Forman, Watkins, & Krutz, LLP, Jackson, MS, for Defendant.

## ORDER

Andrew S. Hanen, United States District Judge

*1 Before the Court are Defendant's Motion for Summary Judgment (Doc. No. 52), its Brief in Support thereof (Doc. No. 48), Plaintiff's Brief in Opposition (Doc. No. 49), and Defendant's Reply Brief (Doc. No. 50).

## I.

Jesse Mayes, Sr. was a longtime employee of the Union Pacific Railroad Company ("Union Pacific"). He started working at Union Pacific in 1977. In 2002, a few years after Mr. Mayes left

**Mayes v. Union Pacific Railroad Company, Not Reported in Fed. Supp. (2019)**

the railroad, Mr. Mayes joined over 200 other employees in a Federal Employers' Liability Act ("FELA") suit against Union Pacific claiming personal injury damages from exposure to toxic chemicals. Union Pacific ultimately received a summary judgment in that case, which was affirmed on appeal in 2007. *Abraham v. Union Pac. R.R. Co.,* 233 S.W.3d 13 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Mr. Mayes retired from Union Pacific in July of 1999. In 2009, Mr. Mayes was diagnosed with colon cancer. He immediately attributed that cancer to his employment with Union Pacific and the toxic substances he was exposed to during his employment there. Ultimately, he died on November 10, 2013.

Over two years later, on November 7, 2016, his widow, Rosie Mayes, filed this FELA suit in this Court. [1] In this action, like the previously filed state court cause, it is alleged that Mr. Mayes's illness (and in this case his subsequent death) was caused by exposure to toxic substances while he worked for Union Pacific. Defendant has now moved for summary judgment on multiple grounds but primarily argues that the claims are barred either by the statute of limitations or res judicata based upon the prior state court lawsuit.

## II.

The parties concede that the statute of limitations in a FELA case is three years:

> No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.

45 U.S.C. § 56.

==Thus, the pivotal question before the Court is when this cause of action accrued—when the cancer was diagnosed or at the date of Mr. Mayes's death.== As a general proposition, a cause of action accrues when the employee knows or in the exercise of reasonable care should have known of his injury and its cause. *Tolston v. Nat'l R.R. Passenger Corp.,* 102 F.3d 863, 865 (7th Cir. 1996); *see also White v. Union Pac. R.R. Co.,* 867 F.3d 997 (8th Cir. 2017). In the instant case, Mr. Mayes knew of his injury and its cause in 2009.

Mrs. Mayes testified that Mr. Mayes's cancerous condition was diagnosed in 2009 following a colonoscopy:

Case 6:23-cv-01078-TC-GEB   Document 81-9   Filed 10/28/24   Page 3 of 6

Mayes v. Union Pacific Railroad Company, Not Reported in Fed. Supp. (2019)

> Q. When they found the colon cancer in 2008 or 2009, had the cancer already spread, do you know?
>
> A. Yes.
>
> Q. Okay.
>
> A. I was told it had spreaded.
>
> Q. Okay.
>
> A. I was told that by Dr. Willis.

Rosie Mayes Dep. 59:18–24.

==Mrs. Mayes also testified that immediately upon being told of the diagnosis in 2009, Mr. Mayes attributed it to the toxic substances to which he was exposed while working for Union Pacific.==

> *2  Q. So when he was diagnosed with cancer, do you know if he ever thought - -
>
> A. Yes.
>
> Q. - - Union Pacific might be involved?
>
> A. Yes.
>
> Q. He - - so when he was diagnosed, he made that connection?
>
> A. Yes.
>
> Q. And did he tell you that?
>
> A. Repeat that question.
>
> Q. Did he tell you, when he was diagnosed with colon cancer, that he thought Union Pacific might be to blame?
>
> A. He said all the damn painting was the cause of the sickness.
>
> Q. Okay.

Case 6:23-cv-01078-TC-GEB   Document 81-9   Filed 10/28/24   Page 4 of 6

Mayes v. Union Pacific Railroad Company, Not Reported in Fed. Supp. (2019)

A. That's - - that's the way he phrased it.

Q. Okay. And would that have been around 2009 when he was diagnosed?

A. Yes, sir.

* * *

Q. Okay. Is there any specific exposure that Jesse believed caused his cancer?

A. The only thing I can say is what Jesse said. He just said working with all of that damn chemicals out there - - that's the exact words.

Q. Okay.

A. - - that inhaling all of that stuff. And he told that to some of these after. He said inhaling all the paint, the fumes and the things they have to go through. And he always said, when they were building and repainting doors, and that's what - - and he always thought that.

Rosie Mayes Dep. 73:2–20; 105:19–106:5.

Thus, it is clear from Mrs. Mayes's testimony that Mr. Mayes, from the time of his diagnosis in 2009, was not only aware he had cancer but also attributed that cancer to his employment at Union Pacific. This is the very heart of his complaint. (*See* Doc. No. 1).

### III.

This case is one of the few personal injury cases that actually has controlling authority from the United States Supreme Court. In *Flynn v. New York, N. H. & H. R. Co.*, 283 U.S. 53 (1931), the Supreme Court barred an action on very similar facts. In *Flynn*, the decedent was injured while working for the railroad on December 4, 1923. *Id*. at 55. Flynn did not die until September 1, 1928. *Id.* Flynn's heirs filed a lawsuit for damages on May 15, 1929. *Id.* While the lawsuit was clearly filed within two years of the decedent's death, [2] just as the lawsuit here was filed within three years of Mr. Mayes's passing, the Supreme Court held the claims were barred. *Id.* at 56. In an opinion by Justice Oliver Wendell Holmes, the Court held:

> The Act of 1908 gives a right of action to the employee or, in case of his death, to his personal representative for the benefit of the widow and children and provides that no action shall be

maintained "unless commenced within two years from the day the cause of action accrued." Section 6 (45 USCA § 56). Obviously Flynn's right of action was barred, but it is argued that the right on behalf of the widow and children is distinct; that their cause of action could not arise until Flynn's death, and that therefore the two years did not begin to run until September 1, 1928. *But the argument comes too late. It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employee at the time of his death.* Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 70, 33 S. Ct. 192, 57 L.Ed. 417, Ann. Cas. 1914C, 176. *On this ground an effective release by the employee makes it impossible for his administrator to recover.* Mellon v. Goodyear, 277 U. S. 335, 344, 48 S. Ct. 541, 72 L.Ed. 906. *The running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release*, Engel v. Davenport, 271 U. S. 33, 38, 46 S. Ct. 410, 70 L.Ed. 813, and the same consequence follows. Our conclusion that this action could not be brought is required by the former decisions of this Court.

**\*3** *Id.* (emphasis added).

Unfortunately, this Court is compelled to reach the same conclusion. Whatever cause of action that Mr. Mayes had when he was diagnosed with colon cancer accrued in November of 2009, as he immediately attributed that cancer to his work with Union Pacific. Accordingly, he had until some point in November of 2012 (or three years later) to bring suit. He did not. Thus, by the time he died on November 10, 2013, any possible cause of action had already been extinguished, and his death did not resurrect it. Consequently, this lawsuit is barred by the applicable statute of limitations.

That being the case, this Court finds no need to address the argument that this claim is also barred by the doctrine of res judicata.

### IV.

Defendant's Motion for Summary Judgment (Doc. No. 52) is granted. The Court holds that this matter is barred by the statute of limitations and that Plaintiff shall take nothing.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1762950

**Mayes v. Union Pacific Railroad Company, Not Reported in Fed. Supp. (2019)**

## Footnotes

1   This case was originally filed in the Eastern District of Louisiana but was transferred to the Southern District of Texas in 2017, which is why a case filed in 2016 bears a 2017 cause number.

2   The FELA statute of limitations at the time of the *Flynn* case was two years. It was amended in 1939 to be three years.

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.