UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY GARRELS, as Special Administrator of the Estate of Jeffrey Garrels, deceased, | |
| Plaintiff, | |
| v. | Case No. 23-1078-TC-GEB |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| C&W FACILTY SERVICES, INC., | |
| Third-Party Defendant/Additional Third-Party Plaintiff, | |
| v. | |
| VERICLEAN SERVICES CORPORATION, | |
| Additional Third-Party Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint ("Plaintiff's Motion") **(ECF No. 80)** and Defendant Union Pacific Railroad Company's Motion for Leave to File Cross-Claims Against VeriClean Services Corporation ("Defendant's Motion") **(ECF No. 72)**. Because both motions are factually intertwined, the Court will address both motions simultaneously. Addressing Plaintiff's Motion first, following the death of decedent Jeffrey Garrels, Plaintiff seeks to add to the

1

claim in the original Complaint. First, she seeks to add to the claim brought by Mr. Garrels against Union Pacific Railroad Company ("Union Pacific") pursuant to the Federal Employers' Liability Act ("FELA"). Plaintiff seeks to recover damages related to decedent's death in addition to the prior claim for damages due to bodily injuries to Mr. Garrels. Second, Plaintiff seeks to add claims for wrongful death and a survival action pursuant to Kansas law against C&W Facility Services, Inc. ("C&W") and VeriClean Services Corporation ("VeriClean"). As to Defendant's Motion, Union Pacific seeks leave to file Cross-Claims against VeriClean for: 1) express contractual indemnity and defense; and 2) implied indemnity and contribution. After careful consideration of the parties' briefing and the argument of counsel, the Court GRANTS Plaintiff's Motion, and the Court GRANTS Defendant's Motion.

## I.    Background[1]

Decedent, Jeffrey Garrels worked as a locomotive engineer for Union Pacific. On July 5, 2021, he slipped and fell on the restroom floor of Union Pacific's Marysville, Kansas depot. Allegations indicate the floor was wet from having been mopped and did not have a wet floor sign. Mr. Garrels purportedly sustained injuries to his right hip and low back. He received treatment, including hip replacement surgery. On May 8, 2023 Mr. Garrels filed suit against Union Pacific pursuant to FELA. On October 23, 2023, Union Pacific designated comparative fault with C&W. Both C&W and VeriClean, have contracts

---

[1] Unless noted otherwise, the information in this section is taken from the Complaint, ECF No 1. This background information should not be construed as judicial findings or factual determinations.

to provide floor cleaning services at the relevant depot. They were formally added as Third-Party Defendants.[2] C&W on November 1, 2023 and VeriClean on December 21, 2023.[3] Although a Scheduling Order had been entered, the schedule was amended after C&W and VeriClean were brought into the suit. In the Court's January 16, 2024 Order, the deadline for motions seeking leave to amend was extended up to and including April 30, 2024. On September 27, 2024 Union Pacific filed Defendant's Motion to add cross-claims against VeriClean. After response, Defendant' Motion became ripe on October 7, 2024.[4]

On June 11, 2024 Jeffrey Garrels died.[5] A month later, Mr. Garrels' wife, Wendy Garrels, as Special Administrator of the Estate of Jeffrey Garrels was substituted for Jeffrey Garrels as the proper party Plaintiff in this case.[6] Four days later on July 16, 2024 Plaintiff provided discovery responses and disclosed experts which indicated she intended to argue Mr. Garrels' death was related to the July 5, 2021 fall in the Marysville depot bathroom.[7] On August 20, 2024 VeriClean sought to extend Defendant's and Third-Party Defendants' deadline to disclose experts.[8] The deadline was extended twice with the last deadline for Defendants and Third-Party Defendants to disclose experts running on November 16, 2024.[9]

Following the September 27, 2024 deposition of one of Mr. Garrels' primary care

---

[2] Third-Party Complaints, ECF Nos. 31 and 38.
[3] *Id.*
[4] Memorandum in Opposition, ECF No. 74 and Reply in Support, ECF No. 75.
[5] Suggestion of Death, ECF No. 57.
[6] Order, ECF No. 59.
[7] Certificate of Service, ECF No. 60.
[8] Motion for Extension of Time to Disclose Experts, ECF No. 63.
[9] Order, ECF No. 76.

providers who opined on the cause of death, linking it to the July 5, 2021 incident, on October 17, 2024, Plaintiff's Motion was filed. Defendant Union Pacific filed its response,[10] however, neither C&W nor VeriClean filed a response. Plaintiff's Motion became ripe on November 4, 2024 when she filed her reply.[11] A hearing on the Plaintiff's and Defendant's Motions was held on November 19, 2024.[12]

## II.    Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 65).

### A.    Legal Standards

#### 1.    Fed. R. Civ. P. 16 – Good Cause

Although not raised by Plaintiff or Union Pacific, when considering a motion to amend filed past the scheduling order deadline, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." Judges in this District "have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[13] In such cases, a court will "first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[14] Only after finding good cause will a court move to the second step evaluating whether the Rule 15(a) standard for amendment has been satisfied.[15]

---

[10] Response, ECF No. 81.
[11] Reply, ECF No. 84.
[12] Order, ECF No. 90.
[13] *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09–2616–KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).
[14] *Id*.
[15] *Id.*

"Good cause" under Rule 16(b)(4) requires a showing that "despite due diligence it could not have reasonably met the amendment deadline."[16] The party requesting untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[17] A court has discretion to decide whether the moving party has established good cause sufficient to modify the scheduling order deadlines, and such a decision is reviewed only for abuse of discretion.[18]

### 2.    Fed. R. Civ. P. 15 – Factors for Amendment

After a showing of good cause, the standard for permitting a party to amend her pleadings is well established. A party may amend her pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases where the time to amend as a matter of course has passed, without the opposing party's consent, a party may amend its pleading only by leave of court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires." Under Rule 15, the relevant factors in deciding a motion for leave to amend include: "whether the amendment will result in undue prejudice, whether the request was unduly and inextricably delayed, was offered in good faith, or that the party had had sufficient opportunity to state a claim and failed."[19] The "liberality in granting leave to amend is curbed when amendment

---

[16] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).
[17] *Id.*
[18] *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted).
[19] *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (1989) (quoting *State Distributors, Inv. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984)).

would cause the opposing party undue prejudice."[20] Prejudice "'means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party.'"[21] Amendment invariably causes some prejudice, "but leave to amend is not denied unless the amendment would work on injustice to the defendants."[22] The burden of showing undue prejudice is on the party opposing amendment.[23]

### B.    Discussion

#### 1.    Plaintiff's Claims Against Union Pacific

Plaintiff seeks to add to her claim against Union Pacific. She seeks to recover damages related to decedent's death in addition to the prior claim for damages due to bodily injuries to Mr. Garrels right hip and low back.

#### a.    Fed. R. Civ. P. 16 – Good Cause

Jeffrey Garrels died approximately six weeks after the deadline to file any motions for leave to amend passed. Wendy Garrels, as Special Administrator of the Estate of Jeffrey Garrels was substituted as the proper party Plaintiff just over a month later. Within three months of being substituted in as the proper party, and after her experts disclosed their opinions, she filed Plaintiff's Motion seeking to add to the claim under FELA to seek damages related to Mr. Garrels' death. Where Mr. Garrels did not die until after the deadline to seek amendment passed, the Court finds despite due diligence Plaintiff could

---

[20] *Id.* at 209.
[21] *Id.* (citing *Federal Deposit Insurance Corp. v. Berr*, 643 F.Supp. 357, 359 (D. Kan. 1986) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3rd Cir. 1969)).
[22] *Koch* at 209-10.
[23] *Id.* at 210.

6

not have reasonably met the amendment deadline. Plaintiff has shown good cause to amend. The Court will turn to look at whether the Fed. R. Civ. P. 15(a) standard for amendment has been met.

### b.      Fed. R. Civ. P. 15 – Factors for Amendment

Union Pacific argues the claim for wrongful death under FELA is untimely, meaning it is futile as the statute of limitations has passed. Without any factual or legal support, Union Pacific also argues Plaintiff's proposed amendment is unduly delayed and highly prejudicial.

### i.      Futility

The statute of limitations under FELA is three years. "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action is accrued."[24] Because FELA does not define when a cause of action accrues, Union Pacific relies on *Flynn v. New York N.H. & H.R. Co.*[25] and *Mayes v. Union Pacific R. R. Co.*[26] in support of its argument that a wrongful death claim under FELA accrues not when the death occurs, but when the initial work injury occurs. Plaintiff asserts Union Pacific misapprehends the holdings in *Flynn* and *Mayes*. The Court agrees.

FELA "gives a right of action to the employee, or in the case of his death, to his personal representative for the benefit of the widow and children…."[27] The personal representative's right "is derivative and dependent upon the continuance of a right in the

---

[24] 45 U.S.C. § 56.
[25] 283 U.S. 53, 56 (1931).
[26] No. 17-3479, 2019 WL 1762950 (S.D. Tx. April 22, 2019).
[27] *Flynn*, 283 U.S. at 56.

injured employee at the time of his death."[28] "[A]n effective release by the employee makes it impossible for his administrator to recovery."[29] In. *Flynn*, Edward Flynn was injured on December 4, 1923; Mr. Flynn did not bring a claim pursuant to FELA within the then two year statute of limitations.[30] Mr. Flynn's injury ultimately resulted in his death on September 1,1928 and his representative brought suit on May 15, 1929.[31] The Supreme Court held the "running of the two years from the time when his cause of action accrued extinguishes it as effectively as a release."[32] The court in *Mayes* relying on *Flynn* found as follows:

> Whatever cause of action that Mr. Mayes had when he was diagnosed with colon cancer accrued in November of 2009, as he immediately attributed that cancer to his work with Union Pacific. Accordingly, he had until some point in November of 2012 (or three years later) to bring suit. He did not. Thus, by the time he died on November 10, 2013, any possible cause of action had already been extinguished, and his death did not resurrect it. Consequently, this lawsuit is barred by the applicable statute of limitations.

The court in neither case explicitly rules on when a cause of action for wrongful death accrues under FELA. Instead, they hold the representative's claims are derivative of the injured worker's claim and the injured workers' failure to bring suit within the time permitted extinguished the right to any claim under FELA. Here, Mr. Garrels filed this action within the three-year statute of limitations, therefore his representative's claim had

---

[28] *Id.*
[29] *Id.*
[30] *Id.* at 55.
[31] *Id.*
[32] *Id.*  at 56.

not been extinguished at the time of his death.

Notably the most applicable law on this issue of accrual is particularly aged, yet it remains good law. The United States Supreme Court has ruled on when a claim for wrongful death under FELA accrues. In *Baltimore & Ohio S.W. R. R. Co. v. Carroll*[33] the Supreme Court held a cause of action under FELA "which arises from death accrues at the time of death, and the two-year period of limitations [now three-year period by statute] then begins." Where Plaintiff's Motion for leave to amend was filed just over four months after Mr. Garrels died, the statute of limitations for any claim arising from his death has not run. Even if it had the Court finds such amendment would relate back to the time of the original Complaint, filed within three years of Mr. Garrels date of injury.

Union Pacific relies on *Carroll*, supra, to support its argument Plaintiff is precluded from alleging the wrongful death claim relates back to the initial Complaint. The Supreme Court in *Carroll* found the claims of a injured worker and of his representative are two distinct causes of action,[34] and the personal representative's claim brought after the two-year period of limitations accrued, i.e., more than two years after the injured worker died, "does not related back to the beginning of the action so as to avoid the bar of the statute of limitations."[35] But, *Carroll* is "inapplicable here because it was decided before the adoption of the Federal Rules of Civil Procedure in 1937."[36] Prior to the adoption of Fed. R. Civ. P. 15(c), "the test employed in determining whether an amendment should relate back to the

---

[33] 280 U.S. 491, 495 (1930) (citing *Reading Co. v. Koons*, 271 U.S. 58 (1926)).
[34] *Id.* at 494.
[35] *Id.* at 495.
[36] *Lewin v. American Export Lines, Inc.*, 224 F.R.D. 389, 398 (N.D. Oh. 2004).

original complaint was whether or not the amendment set forth a new cause of action. If a new cause of action was set forth then amendment would not relate back."[37] Fed. R. Civ. P. 15(c)(1)(B) permits an amendment to a pleading to relate back to the date of the original pleading "when….the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading…." Both the claims for bodily injury and those for Mr. Garrels' death, as pled, stem from the July 5, 2021 fall in the Marysville depot. Plaintiff's claim for damages stemming from the death of Mr. Garrels is not futile. Next the Court will determine whether Defendant's claims Plaintiff's requested amendment has been unduly delayed and is prejudicial have merit.

### ii.    Undue Delay and Prejudice

For the same reasons the Court found good cause to permit amendment, *supra*, it finds the Plaintiff did not: 1) unduly delay her efforts to be named as Special Administrator of Mr. Garrels' estate; 2) move to be substituted in as the proper party Plaintiff;  3) provide notice to Union Pacific and the other parties of her intent to seek amendment to add claims related to Mr. Garrels' death; 4) depose  the relevant health care provider; and 5) move for leave to amend. All of this was accomplished in just three months following the death of Mr. Garrels, and fails to demonstrate undue delay.

As to the claim of undue prejudice, the burden falls on Union Pacific to establish undue prejudice.[38] Union Pacific provides no facts in support of its claim for undue

---

[37] *Id.* (quoting *Murfkan v. Kahn,* 11 F.R.D. 520, 522 (S.D. Fla. 1951)).
[38] *Koch* at 210.

prejudice. On July 16, 2024, Plaintiff provided discovery responses and disclosed experts which indicated she intended to argue Mr. Garrels' death was related to the July 5, 2021 fall. Upon motion, the Court has twice extended the deadline for Union Pacific and the Third-Party Defendants to disclose their experts in response. The last deadline to disclose was set for November 16, 2024 giving Union Pacific four months to retain and disclose experts on this issue. To date the deposition of only one of Mr. Garrels treating physicians has been taken and discovery has not closed. Union Pacific has not met its burden to show undue prejudice due to the requested amendment. Plaintiff's Motion to add to its claim against Union Pacific is granted. The Court will now turn to the claims against C&W and VeriClean.

### 2.      Plaintiff's Claims Against C&W and VeriClean

Plaintiff seeks to add Counts II, wrongful death pursuant to K.S.A. §§ 60-1901-1905, and III, a survival action pursuant to K.S.A. § 60-1801, against C&W and VeriClean. Plaintiff's Motion was filed on October 17, 2024. Pursuant to D. Kan. R. 6.1(d)(4) the deadline for C&W and VeriClean to respond ran on October 31, 2024. Neither party filed a response in opposition by the deadline, or since. D. Kan. R. 7.1(c) provides if a "response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion." "Ordinarily, the court will grant the motion without further notice."[39] There being no opposition, the Court grants Plaintiff's Motion to bring claims against C&W and VeriClean.

---

[39] D. Kan. R. 7.1(c).

### III.    Defendant Union Pacific Railroad Company's Motion for Leave to File Cross-Claims Against VeriClean Services (ECF No. 72)

Union Pacific seeks leave to file cross-claims against VeriClean. Fed. R. Civ. P. 13(g) provides, a "*pleading* may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action….The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant."[40] Fed. R. Civ. P. 7(a) which sets out the seven pleadings allowed in federal court, does not include a cross-claim; a standalone cross-claim is therefore not itself a *pleading*.[41] A cross-claim must be asserted in an answer.[42] Therefore, the Court construes Defendant's Motion as one for leave to amend its Answer to assert cross-claims against VeriClean.

---

[40] Fed. R. Civ. P. 13(g) (emphasis added).

[41] *Bowen Eng'g Corp. v. Pacific Indemnity Co.*, No. 14-1224-JTM, 2014 WL 6908747, at *1 (D. Kan. Dec. 8, 2014).

[42] *Id. See also Hawkey v. Veesart,* No. 04-2362-CM, 2005 WL 8160395, at *2 (D. Kan. July 14, 2005) ("As a preliminary matter, Rule 13 requires that a cross-claim be set forth in an Answer."); *State Farm Mut. Auto. Ins. Co. v. Mathis*, No. 09–0308–CV3, 2009 WL 5065685, at *1 (N.D. Okla. Dec. 16, 2009) (citing *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir.1992) ("Federal Rules of Civil Procedure 12(b) and 13(g) require that crossclaims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer."); *In re Cessna Distributorship Antitrust Litig.*, 532 F.2d 64, 67 n .7 (8th Cir.1976) (stating that a crossclaim must be stated in a pleading but is not itself a pleading); *W & W Steel, LLC v. BSC Steel, Inc.*, No. 11–2613–RDR, 2012 WL 1828928, at *3 (D. Kan. May 18, 2012) (finding proposed amended counterclaim deficient because it attempted to assert counterclaims outside of an answer); *Allied Med. Care Assocs. v. State Farm Mut. Auto. Ins. Co.*, No. 08–2434, 2009 WL 839063, at *2 (E.D. Pa. Mar. 26, 2009) (finding that a counterclaim must be filed as part of a recognized pleading under Rules 7(a) and 13); *FDIC v. Soden*, 603 F.Supp. 629, 635 (D.Kan.1984) ("a cross-claim must be properly contained in an answer").

**A.     Discussion**

**1.     Fed. R. Civ. P. 16 – Good Cause**

Like in the briefing in Plaintiff's Motion, the parties hereto fail to address good cause under Rule 16. But start here we must where Defendant's Motion was filed after the deadline for motions to amend. "The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that existing scheduling order deadlines 'cannot be met despite the movant's diligent efforts.'"[43] "The good-cause standard requires the moving party to provide an adequate explanation for the delay."[44] "Good cause may be shown 'if a [party] learns new information through discovery or if the underlying law has changed.'"[45] "If 'the factual basis giving rise to a claim...arguably did not arise until after the scheduling order deadline, [the movant] has shown good cause to amend the complaint in this regard.'"[46] "Only after finding good cause will the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied."[47] "The Court has discretion to decide whether the movant has established good cause sufficient to modify the scheduling order deadlines...."[48]

---

[43] *Collins v. Ascension Via Cristi Hosps. Inc.*, No. 22-1223-JAR, 2023 WL 2734234, at *3 (D. Kan. Mar. 31, 2023) (quoting *Tesone v. Empire Mktg. Strategies,* 942 F.3d 979, 988 (10th Cir. 2019)).

[44] *Id.*

[45] *Collins*, at *3 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[46] *Fed. Trade Comm'n v. Superior Products Int'l Inc.*, No. 20-2355-HLT, 2021 WL 6112497, at *2 (D. Kan. Dec. 27, 2021) (quoting *Sprint Commc'ns Co., L.P. v. Time Warner Cable Inc.*, No. 11-2685-JWL, 2013 WL 6589564, at *2 (D. Kan. Dec. 16, 2013)).

[47] *Martley v. City of Basehor, Kansas*, No. 19-2138-HLT, 2021 WL 7542381, at *2 (D. Kan. Dec. 3, 2021) (citing *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted)).

[48] *Id.*

Union Pacific argues recent discovery revealed VeriClean performed the floor cleaning services at the Marysville depot and VeriClean had a contract with C&W to provide those services to which Union Pacific is a party or third-party beneficiary. The contract purportedly requires VeriClean to "defend, indemnify, and hold harmless" Union Pacific from any judgments, etc. VeriClean disagrees the discovery was recent.

Fed. R. Civ. P. 26(a)(1)(D) provides a party served or otherwise joined after the Rule 26(f) conference, such was VeriClean was here, must make initial disclosures within 30 days after being served or joined. VeriClean was served on January 18, 2024[49] and filed its Answer to C&W's Third-Party Complaint on February 5, 2024. At the latest, VeriClean should have produced its disclosures on March 6, 2024. However, they were not served until June 5, 2024.[50] The parties also disagree on when VeriClean produced the relevant contract. VeriClean alleges it was produced on June 5th with the disclosures. However, Union Pacific asserts VeriClean did not produce the contract July 2024. Either way, the contract was produced after the April 30, 2024 deadline for motions for leave to amend.

Prior to receiving a copy of the contract, Union Pacific endeavored to have VeriClean produce documents. Union Pacific filed a Notice to Take 30(b)(6) Deposition of Corporate Representative(s) of VeriClean Services Corporation.[51] The notice included requests for documents which would include the contract between C&W and VeriClean. VeriClean asked to postpone the corporate representative deposition until after mediation,

---

[49] ECF No. 43.
[50] ECF No. 52.
[51] ECF No. 51.

if necessary. Thus, the corporate representative deposition did not proceed as scheduled and the relevant contract was not produced until VeriClean produced it pursuant to Fed. R. Civ. P. 26. The Court finds Union Pacific provided an adequate explanation for the delay in bringing its motion. In the Court's discretion, it finds Union Pacific has shown good cause to amend its Answer to add cross-claims against VeriClean and will turn to the Rule 15 factors.

### 2.    Fed. R. Civ. P. 15 – Factors for Amendment

VeriClean argues Union Pacific's motion is unduly delayed coming nearly five months after the deadline for motions for leave to amend set in the Scheduling Order. Additionally, VeriClean argues it would be prejudiced if Union Pacific were permitted to assert the cross-claims against VeriClean as it would then be forced to defend, and incur additional defense costs defending against claims which were not anticipated in this case, once the deadline to amend the pleadings passed.

### a.    Undue Delay

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. 371 U.S. at 182, 83 S.Ct. 227. Emphasis is on the adjective: "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co*., 525 F.2d 749, 751 (10th Cir.1975). **Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action.** Fed.R.Civ.P. 15(a); see also 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed.1990). However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission

to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir.2004); *see also USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir.2004) ("[D]elay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will be become prejudicial, placing an unfair burden on the opposing party." (internal citations and quotation marks omitted)).

The courts of appeal are not in agreement regarding the showing necessary to establish "undue" delay. Some circuits hold that an amendment may be denied for undue delay only if the trial court finds prejudice, bad faith, futility, or (in some circuits) a substantial burden on the court. This Circuit, however, focuses primarily on the reasons for the delay. **We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay."** *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir.1993); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect.[52]

As set forth above, the Court finds Union Pacific has provided an adequate explanation for its delay in filing Defendant's Motion. The Court finds Defendant's Motion was not unduly delayed.

### b.    Undue Prejudice

"Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). *See also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim ..., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon

---

[52] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205–06 (10th Cir. 2006) (emphasis added).

the merits." (internal quotation marks omitted)); *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir.2004) ("Once the adversary has answered, amendment is no longer allowed as of right, Fed.R.Civ.P. 15(a), but in general permission is liberally granted where there is no prejudice."); 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading.").

Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971). **Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.** *Compare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), with *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir.1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"), *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"), and *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751–52 (10th Cir.1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues").[53]

The burden to establish undue prejudice falls on VeriClean, as the party opposing amendment.[54]

Plaintiff's claims are related to Decedent, Jeffrey Garrels, alleged injuries from a

---

[53] *Minter,* at 1207–08 (emphasis added).
[54] *Koch,* 127 F.R.D. at 210.

fall on the restroom floor of Union Pacific's Marysville, Kansas depot. The factual underpinnings of Plaintiff's claims, as well as those of Third-Party Plaintiff C&W, are related to who provided the floor cleaning services at the Marysville depot on July 5, 2021. Both C&W and VeriClean, allegedly have contracts to provide floor cleaning services at the relevant depot. C&W's Third-Party Complaint against VeriClean alleges it had a written contract with VeriClean where VeriClean was responsible for the floor cleaning services at the Marysville depot. C&W alleges under the terms of its contract with VeriClean, VeriClean agreed to defend, indemnify, and hold both C&W and Union Pacific, as C&W's Prime Customer, harmless "from and against any claims, demands, liability…arising from the negligent performance of the floor cleaning service."[55] It is upon the contract between C&W and VeriClean that Union Pacific also bases it cross-claims against VeriClean.

Permitting Union Pacific to pursue its cross-claims for defense and indemnity under the contract between C&W and VeriClean will not prejudice VeriClean in maintaining its defense upon the merits. VeriClean has been aware of its obligations under the contract since it was signed. C&W's claims against VeriClean, already a part of the case, are based upon the same contract. Union Pacific's cross-claims do not arise out of a subject matter different from what was set forth in Plaintiff's original Complaint or Plaintiff's First Amended Complaint, to be filed after the entry of this Order. Union Pacific's cross-claims are particularly similar to the claims in C&W's Third-Party Complaint. Union Pacific's

---

[55] C&W Third-Party Complaint, ECF No. 38.

cross-claims do not raise significant new factual issues. VeriClean has not met its burden to show undue prejudice due to the requested amendment. Defendant's Motion to file cross-claims against VeriClean is granted.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Motion for Leave to File First Amended Complaint **(ECF No. 80)** is **GRANTED**. Plaintiff shall file her First Amended Complaint no later than December 3, 2024.

**IT IS FURTHER ORDERED** Defendants shall file their answer or other responsive pleading to Plaintiff's First Amended Complaint within 14 days after the service of the amended pleading as provided by Fed. R. Civ. P. 15(a)(1)(B)(3).

**IT IS FURTHER ORDERED** Defendant Union Pacific Railroad Company's Motion for Leave to File Cross-Claims Against VeriClean Services Corporation **(ECF No. 72)** is **GRANTED**. Union Pacific shall file its Amended Answer with Cross-Claims against VeriClean no later than December 3, 2024.

**IT IS SO ORDERED.**

Dated November 19, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
