## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEFFREY GARRELS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **UNION PACIFIC RAILROAD** ) | |
| **COMPANY,** ) | |
| ) | **Case No. 23-1078-TC-GEB** |
| **Defendant/Third-Party Plaintiff/** ) | |
| **Cross Claimant,** ) | |
| **v.** ) | |
| ) | |
| **C&W FACILITY SERVICES, INC.,** ) | |
| ) | |
| **Third-Party Defendant/Additional** ) | |
| **Third-Party Plaintiff/Cross** ) | |
| **Defendant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **VERICLEAN SERVICES** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Additional Third-Party Defendant/** ) | |
| **Cross Defendant,** ) | |
| _____ ) | |

## ORDER

This matter comes before the Court on Cross Defendant Vericlean Services Corporation's Oral Motion to Supplement Responses to Defendant Union Pacific's First Requests for Admissions ("Vericlean's Motion") **(ECF No. 153)** and Plaintiff Wendy Garrels', Defendant Union Pacific Railroad Company's, and Cross Defendant Vericlean Services Corporation's Joint Oral Motion to Amend Scheduling Order ("Joint Motion")

**(ECF No. 154)**. Vericlean Services Corporation ("Vericlean") seeks to amend its response to seven of Cross Claimant Union Pacific Railroad Company's ("Union Pacific") First Requests for Admissions. Plaintiff appeared through counsel, Jonathan Jones. Union Pacific appeared through counsel, Nicholas Snow. Vericlean appeared through counsel, Michael Hobbs. Cross Defendant C&W Facility Services Inc., not having an interest in Vericlean's Motion, did not appear.  After review of Vericlean's written motion and Union Pacific's position statement, having reviewed the relevant rules of Federal Procedure and caselaw, and having heard the thoughtful argument of counsel, for the reasons set forth below, the Court **DENIES** Vericlean's Motion **(ECF No. 153)**. The Court **GRANTS** the Joint Motion **(ECF No. 154)** and extends the deadlines in this matter as set forth below.

## I.     Background

This case stems from claims of a slip and fall in the bathroom of a train depot. The parties are nearing the end of discovery. On March 6, 2025, the day before discovery closed, Vericlean certified service of supplemental responses to Union Pacific's First Interrogatories and First Requests for Admissions[1] propounded on November 5, 2024.[2] After correspondence with Union Pacific, and determining it needed leave of court to amend its responses to the Requests for Admissions, Vericlean amended its Certificate of Service to only address service of its supplemental responses to Union Pacific's First

---

[1] Cert. of Service, ECF No. 142.
[2] Cert. of Service, ECF No. 91.

Interrogatories,[3] and filed a written Motion to Supplement.[4] Upon review of the Motion to Supplement finding no indication of conferral, and where no pre-motion conference had been requested, both required by local rule, the Court denied it without prejudice to refiling and set the matter for a pre-motion discovery conference on March 14, 2025.[5] The parties were directed to confer and Union Pacific was directed to submit a position statement, limited to five pages, to the undersigned's chambers by March 11, 2025. No written reply was necessary as any additional issues could be addressed through oral argument during the conference.

Union Pacific provided their position statement with supporting exhibits and the conference proceeded as noticed. During the conference, Vericlean renewed its request to supplement by oral motion. The participating parties also reported on the status of depositions which remained to be taken despite discovery having closed and the Joint Motion was made.

## II.   Cross Defendant Vericlean Services Corporation's Oral Motion to Supplement Responses to Defendant Union Pacific's First Requests for Admissions

### A.    Procedural Requirement to Confer

Before moving to the merits of Vericlean's Motion, the Court must first determine whether Vericlean complied with local rule regarding conferral prior to bringing a discovery motion. D. Kan. R. 37.2 requires a moving party to confer or make a reasonable

---

[3] Cert. of Service, ECF No. 144.
[4] Motion, ECF No. 145.
[5] Order, ECF No. 146.

3

effort to confer with opposing counsel prior to filing a discovery motion. It goes on to define a "reasonable effort to confer" to mean "more than emailing, mailing, or faxing a letter to the opposing party" and requires the parties in good faith, to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[6]

Here the parties exchanged correspondence regarding the need for Vericlean to seek leave of court prior to amending its responses to Union Pacific's requests for admissions. They did not, however, either meaningfully confer regarding the substance of the amendment of the responses or the parties views on amendment. The Court finds it troubling that despite the longstanding local rule that the parties did not make a reasonable effort to meaningfully confer. Had they done so in the spirit of the local rule, there is some possibility there may not have been the need for court intervention. But because the current deadline for discovery has passed, and in the interest of moving the case forward, the Court will address the merits of Vericlean's Motion.

### B.     Parties' Positions

#### 1.     Vericlean

Vericlean seeks to supplement and/or amend, by adding information, seven of its responses to Union Pacific's requests for admissions – RFA Nos. 5-7, 11-12, & 14-15. Vericlean timely responded to the requests for admissions on December 4, 2024 but alleges at the time they did not have certain information responsive to the requests.

---

[6] D. Kan. R. 37.2.

On February 14, 2025, two months after Vericlean's responses to the request were due, the parties deposed Tyler Smith and his father, Roger Smith regarding the critical issue of who mopped the bathroom of the Marysville train depot where decedent Jeffery Garrels allegedly fell on July 5, 2021. The issue of who mopped the bathroom, whether such person was employed by Vericlean, and whether that work was done pursuant to a contract between Vericlean and Union Pacific are all relevant to, even if not responsive to, the requests for admission at issue. Vericlean seeks to amend its responses to the requests at issue to "conform with the evidence that has now been obtained."[7]

Without elaboration Vericlean alleges it "is merely seeking to supplement its responses to promote the presentation of the merits of the action" and the supplemental response "will not prejudice Union Pacific, or any other party, as the responses simply clarify Vericlean's responses with information that has been obtained since the original responses were provided."[8] It also argues there will be no prejudice because it seeks leave to supplement its responses prior to the close of discovery, and well before the case is set for trial.[9]

## 2.     Union Pacific

Union Pacific argues Fed. R. Civ. P. 36 provides only four options for responding to an RFA: "1. Admit; 2. Deny; 3. State in detail why you cannot admit or deny; or 4.

---

[7] Motion, ECF No. 145 at 2.
[8] *Id.* at 3.
[9] *Id.*

Object."[10] It alleges both Vericlean's original and supplemental responses violate Rule 36 attempting to "smoke screen" the admission provided in their original response by adding additional qualifying information. They allege Vericlean is not attempting to supplement its responses, rather Vericlean is trying to change their responses altogether. After inquiry during the conference, Union Pacific clarified it only objected to the proposed supplemental responses and did not seek to have the Court compel amendment of the original responses.

Union Pacific argues a court when considering whether to allow amendment must focus on "the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for erroneous admission."[11] During the conference Union Pacific argued it would be prejudiced by the addition of qualifying information from the depositions of Tyler and Roger Smith because it contradicted the testimony of Vericlean's corporate representative and Union Pacific would have to expend additional time to prove their claims at trial.

### C.   Legal Standards

Fed. R. Civ. P. 36(b) addresses the withdrawal or amendment of an admission. It provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the

---

[10] Position statement maintained in the Court's electronic file.
[11] *In re Durability Inc.,* 212 F.3d 551, 556 (10th Cir. 2000) (quoting *Fed. Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)).

> presentation of the merits of the action and if the court is not
> persuaded that it would prejudice the requesting party in
> maintaining or defending the action on the merits.

Rule 36(b) presents a two prong inquiry. The Court may permit amendment or withdrawal of an admission if: 1) the amendment or withdrawal would promote the presentation of the merits of the action; and 2) it would not prejudice the party requesting the admission in maintaining or defending the action on the merits.[12] The party moving to amend bears the burden of proving presentation of the merits will be facilitated by allowing the admissions to be amended.[13] The party who requested and obtained the admission bears the burden of demonstrating the amendment or withdrawal of the admissions will prejudice it in maintaining the action on the merits.[14]

The first prong is met when upholding the current admissions "would essentially prevent the case from being heard on the merits."[15] To satisfy the second prong of the test, the party requesting the admissions "must show actual prejudice - inconvenience does not amount to prejudice."[16] "The prejudice contemplated by Rule 36(b) is not that the party who obtained the admission will have to convince the jury of the truth of the matter."[17]

---

[12] *United States v. $165,620.00 in United States Currency*, No. 21-1215, 2022 WL 16635239, at *2 *(D. Kan. Nov. 2, 2022) (citing W. Inv., Inc. v. Cont'l W. Ins. Co., No. 22-1083-JAR, 2022 WL 4447427, at *4 (D. Kan. Sept. 23, 2022));* Fed. R. Civ. P. 36(b).

[13] 2022 WL 16635239, at *2 (citing *W. Inv., Inc. v. Cont'l W. Ins. Co.*, No. 22-1083-JAR, 2022 WL 4447427, at *4 (D. Kan. Sept. 23, 2022)).

[14] *See Lewis v. ASAP Land Express, Inc.*, No. 07-2226-KHV, 2009 WL 10689710, at *1 (D. Kan. April 7, 2009).

[15] *Id.* (citing *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005)).

[16] *Id.*

[17] *Team Logistics, Inc. v. Orderpro Logistics, Inc.*, No. 04-2061-JWL, 2005 WL 1140774, at *3 (D. Kan. May 10, 2005).

Rather the prejudice contemplated "'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted."[18]

### D.    Discussion

To begin, the court acknowledges this is not the typical situation where a party failed to respond to the requests and they are then deemed admitted. This case is unique in that there was a timely response which is sought to be amended and the proposed amendment changes the spirit and true intent of the original response. First, addressing the presentation of the merits, Vericlean did not meet its burden to show upholding the current admissions would essentially prevent the case from being heard on the merits. Vericlean's Motion indicates it seeks to conform its responses to the evidence now obtained. But it is because the evidence from depositions of Tyler and Roger Smith has been obtained that Vericlean cannot show the case would be prevented from being heard on the merits. Without amending its responses to add qualifying information from the depositions, Vericlean can use the deposition testimony to controvert facts regarding who mopped the restroom at the Marysville depot and by whom that person was employed. The same evidence can be presented at trial. And if neither man can be compelled to appear, Vericlean can seek to present their deposition testimony.

Second, Union Pacific did not meet its burden, as the entity who requested the admission, to show prejudice from the proposed amendment. Union Pacific argues it would

---

[18] *Id.* (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983).

be prejudiced by the addition of qualifying information from the depositions of Tyler and Roger Smith which contradicted the testimony of Vericlean's corporate representative and it would have to expend additional time to prove their claims at trial. The prejudice contemplated by Rule 36(b) is not that Union Pacific will have to convince the jury of the truth of the matter, but it will have difficulty proving its case because of the need to obtain evidence required to prove the matter previously been admitted. If the amendment were permitted, Union Pacific too would have the ability to use the deposition testimony of Tyler and Roger Smith. Although the Court is not persuaded amendment would cause Union Pacific prejudice, the Court finds amendment would not promote the presentation of the merits of the action. Therefore, Vericlean's Motion is denied.

### III.    Plaintiff Wendy Garrels', Defendant Union Pacific Railroad Company's, and Cross Defendant Vericlean Services Corporation's Joint Oral Motion to Amend Scheduling Order

During the conference, the parties raised the number of depositions which still needed to be taken, although the discovery deadline passed, and the deadlines for submission of a pretrial order, and to conduct the pretrial conference were quickly approaching. Defendant and Third-Party Defendants indicate they need additional time to depose two to three of decedent's treating physicians, which to date have not been located. Plaintiff additionally needs to depose certain Union Pacific witnesses. Because decedent's treating physicians have not been located despite the efforts of counsel with the assistance of Plaintiff, the Court found good cause to extend the remaining deadlines as follows.

All discovery must be completed by **April 25, 2025**. Defense counsel must submit the parties' proposed pretrial order in Word as an attachment to an email sent to ksd_birzer_chambers@ksd.uscourts.gov no later than **April 21, 2025**. Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 28, 2025 at 10:00 a.m. via Zoom.** The deadline for potentially dispositive motions as well as *Daubert* motions remains as set on **April 30, 2025**. The parties are highly encouraged to work together to locate decedent's treating health care providers and schedule their depositions prior to the discovery cutoff. The Court does not intend to further extend the deadlines above.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Cross Defendant Vericlean Services Corporation's Oral Motion to Supplement Responses to Defendant Union Pacific's First Requests for Admissions **(ECF No. 153)** is **DENIED** and Plaintiff Wendy Garrels', Defendant Union Pacific Railroad Company's, and Cross Defendant Vericlean Services Corporation's Joint Oral Motion to Amend Scheduling Order **(ECF No. 154)** is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge